THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON LEE THOMAS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,<br><br>　　　　　　Defendant. | CASE NO. C13-0074-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Jason L. Thomas' objections (Dkt. No. 30) to the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge, which recommends affirming the Social Security Commissioner's denial of benefits (Dkt. No. 29). Having thoroughly considered the Report and Recommendation, Plaintiff's objections thereto, the Government's response, and the relevant record, the Court hereby ADOPTS the Report and Recommendation (Dkt. No. 29) in full.

I.    **DISCUSSION**

A district court must conduct a *de novo* review of those portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's report as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections, or summaries of arguments previously presented, have the same effect as no objection at all,

since the Court's attention is not focused on any specific issues for review. *Howard v. Sec'y of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991). Because this Court's consideration of such "objections" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless, *de novo* review is not required when a party fails to direct the court to a specific error in the report and recommendation. *See Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003).

Here, Plaintiff raises a general objection to the entirety of Judge Theiler's R&R and refers the undersigned to his previously-filed opening and reply briefs. Plaintiff specifically addresses only one of Judge Theiler's conclusions—namely, her finding that the ALJ provided sufficiently specific and legitimate reasons to reject the testimony of treating physician Dr. Stalsbroten—though in raising this objection, Mr. Thomas merely parrots the briefing previously provided to Judge Theiler, as Defendant points out in the Government's response. (Dkt. No. 30.) Accordingly, the Court addresses Plaintiff's objection with regard to Dr. Stalsbroten's testimony, but declines to otherwise reconsider the entirety of Plaintiff's briefing, which was thoroughly and carefully addressed in the Report and Recommendation.

The Administrative Law Judge denied Plaintiff's claim at step five of the five-step sequential process because, based on his Residual Functional Capacity ("RFC"), Plaintiff is capable of performing other jobs that exist in significant levels in the national economy. Before Judge Theiler, Plaintiff argued that the ALJ erred in four respects, thus rendering the decision to deny benefits contrary to law and based on less than substantial evidence. As he does again in his one objection, Plaintiff argued that the ALJ gave insufficient reasons to reject the testimony of treating provider Dr. Stalsbroten, which if accepted, renders the ALJ's RFC determination and subsequent step five decision improper. (Dkt. No. 29.) As explained by Judge Theiler, Plaintiff "dispute[d] the ALJ's finding that Dr. Stalsbroten's opinion was based on his self-reports, contending that Dr. Stalsbroten relied on his own progress notes and the findings and tests of other physicians, and believed in plaintiff's pain because he observed pain behavior firsthand."

(Dkt. No. 29 at 11.) Judge Theiler rejected Plaintiff's arguments, however, concluding that substantial evidence supported the ALJ's consideration of Dr. Stalsbroten's opinions. (*Id.* at 13.)

More weight should generally be given to the opinion of a treating physician than to a non-treating physician, and to the opinion of an examining physician than to that of a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where a treating physician's opinion is contradicted by another physician, the treating physician's opinion may not be rejected absent "'specific and legitimate' reasons supported by substantial evidence in the record for so doing." *Id.* (quotations omitted). When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its own judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Here, Plaintiff agrees that this standard applies, but renews his argument that the ALJ's reasons for rejecting Dr. Stalsbroten's opinion were not sufficient. (Dkt. No. 30 at 2.) Upon review, the Court finds that the ALJ's conclusion with regard to Dr. Stalsbroten's opinion was appropriate.

Plaintiff's basic argument is that Dr. Stalsbroten relied not only upon Plaintiff's self reports, but upon his progress notes from prior visits with Mr. Thomas and the findings and tests of other physicians. (Dkt. No. 30 at 3–4.) However, as Judge Theiler previously explained when addressing the exact same arguments, Plaintiff's assertions do not support the conclusion for which he argues. For example, with regard to Plaintiff's assertions that Dr. Stalsbroten relied on the statements of Dr. Amos, Dr. Welk, and Dr. Brettell, Judge Theiler explained that there was nothing in the record to support the conclusion that Dr. Stalsbroten relied on these opinions in rendering his own opinion. (Dkt. No. 29 at 12.) Further, Plaintiff's arguments ultimately miss the mark, as nothing in Plaintiff's assertions demonstrates that the ALJ's specific reasons for rejecting Dr. Stalsbroten's opinion—namely, that he relied quite heavily on Plaintiff's self-reporting and that is opinion was inconsistent with objective medical evidence—were actually erroneous, even if he did consider additional evidence not discussed in his questionnaire.

Indeed, as Judge Theiler succinctly noted, "the question presented is not whether Dr. Stalsbroten thought that plaintiff was in pain"—the point to which Plaintiff's arguments are directed. (Dkt. No. 29 at 13.) "Rather, the issue [] is whether substantial evidence supports the ALJ's assessment of Dr. Stalsbroten's opinion that plaintiff is incapable of even 'low stress' work." (*Id.*) Under the properly framed question, the ALJ's decision was based on substantial evidence. The ALJ appropriately cited specific reasons in the written ruling, finding that the severe limitations explained by Dr. Stalsbroten were not supported by his own prior examination findings, the diagnostic and radiological studies, or Plaintiff's treatment history. Further, as Judge Theiler correctly noted, the ALJ also pointed out that Dr. Stalsbroten's opinion with regard to Plaintiff's concentration and attention was directly contradicted by Dr. Parlatore, a psychiatric expert. (Dkt. No. 29 at 13.) In light of the ALJ's discussion, which was appropriately based on the existing record, the Court finds that substantial evidence supported the ALJ's consideration of Dr. Stalsbroten's opinions.

## II.   CONCLUSION

For the foregoing reasons, the Report and Recommendation (Dkt. No. 29) is ADOPTED in full. The Court AFFIRMS the decision of the Commissioner, and the Clerk is respectfully directed to send copies of this Order to all counsel and to Judge Theiler.

DATED this 14th day of September 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE